Rogers, J.
The action is to recover of the defendant, a public utility corporation, an alleged excise tax together with a penalty. •
The petition shows, in substance, that the defendant was, for the year next preceding May 1, 1910, engaged in the business of supplying natural gas for lighting, heating and power purposes to the inhabitants of Coshocton, Ohio; that the state tax commission, by proceedings duly had, reported to the state audi *571 tor the am on rit of the gross receipts of the defendant theretofore by said commission determined as $93,552 for the business done by defendant, and subject to the excise tax, for the year above mentioned; that the auditor made the levy and certified the amount for collection to the state treasury, amounting to 1.2 per cent, of such gross receipts, or $1,122.80; that, defendant failing to pay said tax, thereupon the 15 per cent, penalty was added, amounting to $178.42, and plaintiff 'prays for judgment for both sums with costs.
The answer of the deféndant admits the business in which it was engaged, the action of the state tax commission and the state auditor, and its failure to pay, and further alleges, in substance, that its said business of supplying, distributing and selling gas was done under agreement with the Buckeye State Gas & Fuel Company, theretofore entered into between them, a copy of which is made part of the answer, whereby the Buckeye Company, the owner and producer of the natural gas, agreed to furnish and deliver to the defendant the gas in its lines at Coshocton, and defendant agreed to procure, construct, maintain and operate pipe lines in and through the streets of Coshocton as its business might demand, large enough to supply said gas to said city and its inhabitants desiring to purchase, to pay all necessary expenses of operation, to make all contracts with customers for gas, and to do all things necessary to manage and conduct said business, and furnish gas to customers in said city during the continuance of said contract; that it was further agreed that defendant should pay to the Buckeye company on or before the 15th of every month seventy per cent, of the gross .amount or sum of money received for all gas sold during the preceding month, and should have and retain for itself the remaining thirty per cent, of said gross amount or sum so received for gas sold during the preceding month'; that thereafter the agreement was changed so as to provide for a division of the gross receipts as to certain gas sold .to manufacturers on a basis of eighty per cent, and twenty per cent, respectively, and as to gas sold to domestic consumers seventy per cent, and thirty *572 per cent, as before; that within said year the amount received from domestic consumers for gas sold by both companies, under this agreement, was $52,130.65, and from manufacturers was $34,446.30, besides $5,197.38 from merchandise sold, making the total receipts of defendant, calculated according to the rate agreed upon in the contract, $27,725.83, and no more, all of which was reported to the tax commission; and that the commission demanded that the whole receipts from sales of gas, including the percentage belonging to the Buckeye company and the merchandise sold, be reported for taxation, but defendant refused, whereupon the commission reported to the auditor the amount as gross receipts of defendant as appears above. Defendant further alleges a tender of the amount, as it claimed, due for the tax, and offers to pay the same into court.
The plaintiff demurs to the answer as not constituting a defense.
The ease turns upon the construction to be given the statute passed May 10, 1910 (101 O. L., 399), as applied to the agreement between the two corporations regarding the duties of the state tax commission and the defendant in the matter of the excise tax to be charged and paid, respectively.
Section 121 of the act defines what are public utility companies, and embraces the defendant, a natural gas company, as a public utility company.
Section 46 provides:
“Any * * * corporation * * * when engaged in the business of supplying natural gas for lighting, heating or power purposes to consumers within this state is a natural gas company.”
Section 47 provides:
“Each public utility * * * doing business in this state shall annually * * * make and file with the commission a statement in such form as the commission may prescribe.”
And the next section provides for the contents of the statement.
*573 Section 53 provides:
“In the case of all public utilities * * * such statement shall also contain the entire gross receipts of the company, including all sums earned or charged, whether actually received or not, for the business done within the state for the year next preceding the 1st day of May, including the company’s proportion of gross receipts for business done by it toithin this state in connection with other companies, firms, corporations, persons or associations, but this shall not apply to receipts from interstate business, or business done for the federal government.”
Section 55 provides:
“The commission shall ascertain and determine * * * the entire gross receipts as aforesaid of each natural gas company * * * for business done within Ohio for the year just next preceding the 1st day of May,” excluding receipts from interstate and federal government business.
Sections 60 and 61 provide for the report by the commission to the auditor of state of the amount of the gross receipts so determined, and the charge by the auditor of the excise tax thereon and the certification thereof to the treasurer for. collection.
It is conceded that defendant falls within the class denominated “public utility companies” and for the purposes of this ease at least is liable to pay an excise tax. The question in dispute is-as to the amount on which such tax should be calculated ; whether on the' admitted facts the tax commission had .the right to certify the amount it did, or should it have certified the amount as claimed by defendant ?
The words of the statute, “the entire grdss receipts of the company,” “the company’s proportion of gross receipts,” (Section 53) and “the entire gross receipts as aforesaid” (Section 54), mean such gross receipts as belong to and are the property of the company and not receipts which may be in the hands of or pass through the hands of the company, but belong to and are the property of .another.
The receipts which the commission had the right to report to the auditor are those which the company got in and owned as *574 its own property during the year mentioned, and not what it got in but someone else owned, that is, had the property right thereto and therein. The state had the right to tax the defendant on the basis of the property of the defendant by charging it with the payment of the proper per cent, of its gross receipts, but it had no right to levy a tax on the defendant for the property of another in its hands and to which it has no property right.
The question, then, is as to whether the gross receipts reported by the commission as the defendant’s gross receipts, and made the basis of the excise tax, were such as were entirely the property of the defendant. If they were, the defendant is liable for the tax levied. If they were not, the defendant is not liable.
The contract shows that the two companies, the Buckeye company and the defendant, entered into a mutual agreement whereby they were by a combined arrangement to dispose of natural, gas' to the inhabitants of Coshocton. The former owned the gas and provided the means to convey it to the latter, and the latter distributed it by means which it provided and disposed of the product to its consumers, and as a result of the combined means agreed upon by the two companies, certain gross receipts were to be, as they were, obtained and divided in certain proportions. It was an agreement to enter into a common enterprise, to-wit, to sell natural gas to the inhabitants of Coshocton and to divide the gross proceeds, each agreeing to do its particular part under the agreement to effect the desired end.
The Buckeye company did not sell and the defendant did not buy the gas. This appears to be conceded by the Attorney-General in his brief.
At best the defendant had but a special property in the gas furnished and delivered to it. The Buckeye company had the general ownership in the gas at all. times; and by special agreement furnished .and delivered it to defendant to sell, and there- • upon to account to the Buckeye company'for a. proportion of the gross receipts. The contradi is not one of partnership, at - least between'the parties. 'Each had its separate rights-and duties toward the other to. carry on the eommon enterprise , to' the desired end.
*575 The contract was more in the nature of one between factor and' principal, governed, however, by a special agreement. • Defendant undertook to dispose of the Buckeye company’s gas for a compensation measured by a per cent, of gross receipts, and to pay the residue to the Buckeye company. On disposition of the product by defendant, and receipt of the proceeds, the relation of debtor and creditor did not arise; rather, defendant’s relation to the fund was that of trustee to its principal, unless the latter saw fit to waive that relation.
The object of the contract ás contemplated by the parties was, by one performing certain parts and the other performing .others under the contract, to produce a certain common fund for the benefit of both which was to belong to each in certain proportions. Neither at any time was entitled to the whole fund as a right of property, but each was entitled to a proportionate share as belonging to it. While the defendant in the conduct of the business under the contract received the gross sum, it did not all belong to defendant. The property right in seventy per cent, or eighty per . cent, thereof, depending upon the circumstances, belonged to the Buckeye company, and was its gross receipts, and defendant held the same as agent for its principal.
I am clearly of the opinion that the contract between the two companies did not contemplate a sale of the gas to the defendant. If it did not, no general property right in or to the gas is vested in the defendant. It was a special right only. The defendant not having a general property right in the gas did not acquire a general property right in the proceeds of their combined enterprise, but only had a property right in the proportion of the proceeds to which, under the contract, it was entitled.
Section 53 of the act under consideration provides for a situation substantially as the one before us. It requires, in substance, that the defendant make to the commission a statement of its entire gross receipts, “including the company’s proportion of gross receipts for business done by it within this state in connection with other companies.” Defendant, according to the facts pleaded in its answer, has done business within this state in connection with another company whereby a gross sum has *576 been received by it for both companies, and it made a statement to the commission of its proportion of such gross receipts. It did not report the whole gross receipts of the company, because they did not belong to it. They belonged in part to another by reason of business done by it in this state in connection with another.
I have, therefore, concluded that the tax- commission had not the right to report to the auditor the entire gross receipts coming into 'the' hands of the defendant, but only that proportion of such receipts which were 'derived from business done by the' defendant in connection with the Buckeye company under its contract for furnishing gas to' the inhabitants of Coshocton.
The construction which I give to the statute as to the term "gross receipts” only applies to gross receipts which are the property of'the defendant and not "gross receipts” which are' the property 'of the defendant' and another derived from business' done in connection with such other in a common enterprise.
' The construction contended fdr by the state' would lead 'to the levying of a tax,'where two persons are combined to carry out a common'entérprise and divide the proceeds, upon thebiásis of the whole fund in the hands of the one who first receives it, and again upon the'basis'of a part of the same'fund after it is divided. Such an injustice was not contemplated by the statute, and I will, therefore, overrule the demurrer to the atíswer. Exceptions. " ' ' ‘ '